## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAMS ROWLAND ACQUISITION CORP., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 25-1302-CFC-SRF |
| GLOBAL FOOD AND INGREDIENTS LTD. and MAXIM GROUP LLC, | ) ) ) | |
| Defendants. | ) ) | |

### REPORT AND RECOMMENDATION

Presently before the court in this civil action for breach of contract, fraud, and aiding and abetting fraud is a partial motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[1] filed by defendant Maxim Group LLC ("Maxim").[2]  (D.I. 9)  For the following reasons, I recommend that the court *sua sponte* DISMISS the case for failure to satisfy the jurisdictional requirements of the assigned Chief District Judge.  To the extent that the recommendation is adopted, the court need not consider Maxim's pending motion to dismiss under Rule 12(b)(6).

### I.    BACKGROUND

Plaintiff Williams Rowland Acquisition Corp. ("Plaintiff") is a Delaware special purpose acquisition company ("SPAC"), which acts as a funding vehicle to acquire a foreign operating company and take it public on a U.S. exchange without pursuing its own initial public offering ("IPO").  (D.I. 1 at ¶¶ 3, 9, 12)  Plaintiff targeted defendant Global Food and Ingredients Ltd.

---

[1] The briefing and filings associated with the pending motion to dismiss are found at D.I. 10, D.I. 11, D.I. 12, D.I. 16, and D.I. 19.

[2] Global Food and Ingredients Ltd. ("GFI") is also a named defendant in this action.  (D.I. 1) However, GFI has not yet been served in this matter and did not join in Maxim's motion to dismiss.  (D.I. 29)  The parties represent that GFI is in bankruptcy.  (D.I. 10 at 2; D.I. 16 at 21)

("GFI"), an Ontario corporation that produces specialty crops for the food and pet food industries. (*Id.* at ¶¶ 1, 10) Maxim served as GFI's investment banker and advised Plaintiff to target GFI for acquisition. (*Id.* at ¶¶ 1, 11)

Plaintiff failed to complete the acquisition within the requisite timeframe. Plaintiff attributes this failure to GFI and Maxim's alleged misrepresentations and omissions regarding GFI's ability to provide audited financial statements that complied with Public Company Accounting Oversight Board ("PCAOB") standards. Accordingly, Plaintiff filed suit against GFI and Maxim on April 12, 2024 (the "First Action"). *See Williams Rowland Acquisition Corp. v. Global Food & Ingredients Ltd.*, C.A. No. 24-471-RGA, D.I. 1 (D. Del. Apr. 12, 2024).

Following motion practice on a Rule 12(b)(6) motion to dismiss in the First Action, the assigned District Judge dismissed the case without prejudice on jurisdictional grounds, noting that the complaint alleged Maxim was a New York limited liability company but contained no allegations about the citizenship of Maxim's members. (C.A. No. 24-471-RGA, D.I. 63) On this basis, the district judge determined that diversity jurisdiction could not be established under 28 U.S.C. § 1332(a).

Plaintiff renewed its claims against GFI and Maxim in a complaint filed in the instant action (the "Second Action") on October 23, 2025. (D.I. 1) The complaint alleges that Plaintiff's citizenship is "diverse from Maxim's citizenship because [Plaintiff's] citizenship is diverse from the citizenship of Maxim's members" in accordance with 28 U.S.C. § 1332. (*Id.* at ¶ 8) The case was assigned to Chief Judge Connolly on October 29, 2025.

Pursuant to Chief Judge Connolly's Standing Order Regarding Disclosure of Citizenship of Organizational Entities in Diversity Cases, dated April 18, 2022, a party that files an action in this court based on diversity of citizenship

2

shall file within 14 days of initiating the case in this Court a Certification of Diversity Jurisdiction in which the party identifies the name and citizenship of every owner, member, and partner of every party to the case that is a joint venture, limited liability corporation, partnership, or limited liability partnership, proceeding up the chain of ownership until the name and citizenship of every individual and corporation with a direct or indirect interest in every party has been identified.

In the seven months since this action was filed, Plaintiff has not docketed a Certification of Diversity Jurisdiction.

## II.  DISCUSSION

Diversity jurisdiction under Section 1332(a) requires complete diversity. *See Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 497 (3d Cir. 1997). In the First Action, Plaintiff alleged diversity of citizenship because Plaintiff is a Delaware corporation, GFI is an Ontario corporation, and Maxim is a New York limited liability company. (C.A. No. 24-471-RGA, D.I. 1 at ¶¶ 8-11) But an LLC is a citizen of every state in which its members are citizens. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Because the complaint in the First Action contained no allegations about the citizenship of Maxim's members, the court dismissed the action for failure to establish diversity of citizenship under 28 U.S.C. § 1332(a). (C.A. No. 24-471-RGA, D.I. 63)

In the Second Action, Plaintiff made a slight modification to the jurisdictional allegations by generally stating that Plaintiff's citizenship "is diverse from the citizenship of Maxim's members." (D.I. 1 at ¶ 8) Despite the *sua sponte* dismissal of the First Action, Plaintiff did not invest additional effort in ascertaining the citizenship of Maxim's members or otherwise researching and ensuring compliance with the assigned Chief District Judge's Standing Order. Plaintiff cites Maxim's failure to raise a jurisdictional challenge as definitive proof that diversity jurisdiction exists. (D.I. 16 at 1) However, it is well-established that the court has an

3

independent duty to verify the existence of subject matter jurisdiction. *See Path to Riches, LLC v. CardioLync, Inc.*, 290 F. Supp. 3d 280, 284 n.2 (D. Del. 2018) ("[C]ourts have an independent duty to determine if subject-matter jurisdiction exists, even without a challenge by a party[.]"). Plaintiff's failure to comply with the Standing Order impedes the court's ability to fulfill that duty. Because the court previously flagged concerns about the existence of diversity jurisdiction in its dismissal of the First Action, yet Plaintiff made no substantive efforts to address those concerns or to comply with the Standing Order, dismissal without prejudice is appropriate.

## III.    CONCLUSION

For the reasons discussed above, I recommend that the court DISMISS the case without prejudice. IT IS ORDERED that the oral argument scheduled for June 10, 2025 at 11:00 a.m. is CANCELLED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The objections and responses to the objections are limited to three (3) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

4

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R.

Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website,

http://www.ded.uscourts.gov.

Dated: June 2, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE